24CA0584 Parental Resp Conc NNG 07-31-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0584
City and County of Denver District Court No. 23DR1234
Honorable Andrew P. McCallin, Judge

---

In re the Parental Responsibilities Concerning Nam.N.G., S.E-M.G., S.M-E.G., S.D-E.G., and Nav.N.G., Children,

and Concerning Nyeri Dejour Goff,

Appellant,

and

Sierra Diane Snyder,

Appellee.

---

APPEAL DISMISSED IN PART
AND JUDGEMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Gomez and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

---

Nyeri Dejour Goff, Pro Se

No Appearance for Appellee

¶ 1     In this allocation of parental responsibilities case, Nyeri Dejour Goff (father) appeals the district court's judgment that allocated parental responsibilities to Sierra Diane Snyder (mother) and restricted his parenting time.  He also appeals the court's entry of a permanent protection order.  We affirm the judgment and dismiss the portion of his appeal concerning the permanent protection order.

## I.     Background

¶ 2     Father and mother have five children together.  In 2023, father filed a petition for allocation of parental responsibilities.  Father also filed a motion for abduction prevention measures, alleging that mother had taken the children and indicated she was leaving Colorado.  Based on father's claims, the magistrate granted the motion and directed law enforcement to assist father with locating the children and placing them in his care.

¶ 3     After father used that order to obtain the children, mother filed a response to father's petition.  She denied father's abduction claims, explained that she was a victim of father's domestic violence, and asked the court to order the return of the children.  After hearing from mother and reviewing the parties' previous

1

dependency and neglect, allocation of parental responsibilities, and protection order cases, the court vacated the abduction prevention measures order, restricted father's parenting time, and ordered the return of the children to mother's custody. The court found that father had a history of domestic violence and that he had used the children and the court system to engage in a cycle of power and control over mother. It explained that each time mother had tried to take action to protect herself from father's domestic violence, father would file allocation of parental responsibilities cases to discourage her from following through on those actions. And it noted that, in this case, he obtained the abduction prevention measures order after mother sought a protection order against him in a separate case and attempted to flee his domestic violence.

¶ 4    Mother also filed a motion for a civil protection order in this case. After a hearing, the court entered a permanent protection order that directed father to have no contact with mother.

¶ 5    About five months later, the court held a hearing on the allocation of parental responsibilities and entered permanent orders. The court found that father had endangered the children through his acts of domestic violence and his use of them and the

2

court system to exert control over mother. It also found that father lacked awareness of his damaging behavior and that he did not show a willingness to correct that behavior. In addition, the court found that father had physically abused at least one of the children. The court then allocated primary parenting time to mother, and it restricted father's parenting time to supervised visits. The court allocated mother sole decision-making responsibility and ordered father to pay child support.

## II. Opening Brief

¶ 6 Father's opening brief does not comply with the appellate rules. *See* C.A.R. 28(a); C.A.R. 32(a), (d), (e). These rules are not mere technicalities; they are designed to facilitate our review. *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10.

¶ 7 However, we are mindful that father represents himself. We therefore elect to review his contentions as best we understand them. *See id.* But we will not develop any arguments for him or search the record for supporting facts. *See id.*

## III. Allocation of Parental Responsibilities

¶ 8 Father contends that the district court erred by restricting his parenting time, arguing that the court's factual findings were

incorrect and that the judge was biased against him. We are unpersuaded.

¶ 9 The court has broad discretion over the allocation of parental responsibilities. *In re Marriage of Collins*, 2023 COA 116M, ¶ 8. When a court finds that parenting time would endanger the children's physical health or significantly impair the children's emotional development, it may restrict a parent's parenting time. *See* § 14-10-124(1.5)(a), C.R.S. 2024. We exercise every presumption in favor of upholding a court's parental responsibilities decision and will not disturb its ruling absent a showing that the court abused its discretion. *Collins*, ¶ 8.

¶ 10 Father was responsible for including "in the record transcripts of all proceedings necessary for considering and deciding the issues" he raises on appeal. C.A.R. 10(d)(3); *see also Martin v. Freeman*, 2012 COA 21, ¶ 21 ("A judgment is presumed to be correct until it is affirmatively shown otherwise; thus, the party asserting error on appeal must present a record that discloses the error.").

¶ 11 Father challenges the court's factual findings and its determination to restrict his parenting time. But he did not provide

a transcript of the permanent orders hearing. *See* C.A.R. 10(d). In the absence of that transcript, we must presume that the omitted evidence would support the court's findings and its decision to restrict father's parenting time. *See In re Marriage of Dean*, 2017 COA 51, ¶ 13 ("Where the appellant fails to provide . . . a transcript, the reviewing court must presume that the record supports the judgment."). We therefore will not disturb the court's allocation of parental responsibilities. *See Collins*, ¶ 8.

¶ 12     Father also asserts that the court was biased against him. He generally speculates that the court did not consider evidence in his favor, and he claims that the court made "insinuations" "suggesting undue influence." But the court's adverse rulings and father's mere speculation of bias are insufficient to establish judicial bias. *See People v. Schupper*, 2014 COA 80M, ¶¶ 58-59. Father does not provide any additional legal or factual argument, and we decline to further address his undeveloped assertion. *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 29 (declining to consider an undeveloped argument).

¶ 13    The court therefore did not abuse its discretion by restricting father's parenting time and allocating parental responsibilities primarily to mother.

## IV. Permanent Protection Order

¶ 14    Father also suggests that the court erred by granting a permanent protection order without "properly notif[ying]" him. However, he does not legally or factually develop this suggestion. *See id.*

¶ 15    Moreover, to the extent he asks us to review the permanent protection order, we lack jurisdiction to do so. That order was a final, appealable order in 2023 when the court resolved the matter. *See In re Marriage of Wiggs*, 2025 COA 10, ¶ 24. And father did not timely appeal it. *See* C.A.R. 4(a)(1) (requiring a notice of appeal to be filed "within 49 days after entry of the judgment, decree, or order being appealed"); *see also In re Marriage of James*, 2023 COA 51, ¶ 8 ("The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review."). We therefore dismiss this portion of the appeal.

## V.    Disposition

¶ 16    We affirm the judgment allocating parental responsibilities and dismiss the portion of father's appeal concerning the permanent protection order.

JUDGE GOMEZ and JUDGE MEIRINK concur.